# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff(s), | Case No.  2:06-CR-206-RLH-PAL |
| vs. | **O R D E R** (Motion to Terminate Residential Re-Entry Center Residency–#91) |
| ZACHARY MORAN,    Defendant(s). | |

Before the Court is Defendant Zack Moran's **Motion to Terminate Residential Re-Entry Center Residency** (#91, filed December 15, 2014), together with a letter from his father to the Honorable Lloyd D. George.  The Court has also considered a report from the Probation Officer, the Government's Response (#92, filed December 18, 2014) and Defendant's Reply (#93, filed December 18, 2014).

Defendant requests this termination to enable him to attend a family gathering in Idaho for the holidays, at which his young daughter, Scarlett, will be present.  He argues that since the order of July 31, 2014, that he reside in the Halfway House for a period of six months he has complied with the Court's order that he refrain from drug and alcohol use and that he has made great progress and followed the admonition of the Court in July that he be honest and forthcoming about his police contact on May 15, 2014.

The Court, and the Probation Officer acknowledge that since his last placement in the Halfway House he has progressed well, participating in substance abuse and mental health treatment and maintaining full-time employment.  That, however, is not all of the story.

1  First, the motion suggests that he entered the Halfway House on July 31, 2014. In truth, he commenced his placement in the Residential Re-Entry Center on August 18, 2014. Thus, he has been in the Center or Halfway House for only two-thirds of the sentence.

Second, the police contact occurred when, just one week after he completed his placement in the C.A.R.E. Program in May, he was involved in an accident in California which resulted in his running of the roadway and flipping his vehicle multiple times. His speech was slow and his gait was found to be unsteady by the California Highway Patrol. His blood was drawn and sent to Bio-Tox Laboratories for analysis. The laboratory confirmed that there was cocaine in Moran's blood at the time of the accident. Although he promised the Court that he would be honest and candid about the police contact (on May 15, 2014), he denied cocaine use and only admitted to alcohol consumption the night prior. At the court hearing in California, he entered a plea of Nolo Contendere.

Third, as Moran admits, it is his fault that he has not spent a holiday season with his family in nearly 14 years.

The Court finds that when he is under close supervision, he remains compliant, but when removed from that close supervision, he is almost immediately resorts to substance abuse, endangering himself and possibly others. While his desire to spend the holidays with his family is laudable and is shared by his family his past conduct does not assure the Court that he is ready to assume that much responsibility, particularly over a New Years holiday in which alcohol, etc., traditionally plays a huge part.

Finally, in his Reply, after seeing the opposition of the Government and the Probation Officer, he suggests, as an alternative, a temporary release, just to permit him to be with his family in Idaho for the holidays and then return on January 2. Because this last minute modification of his motion precludes a response from either the U.S. Attorney or the Probation Officer, the Court will not consider it.

////

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Zack Moran's **Motion to Terminate Residential Re-Entry Center Residency** (#91) is DENIED.

Dated: December 19, 2014.

_____
ROGER L. HUNT
United States District Judge